## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**TREVOR MCLAFFERTY**                                    **CIVIL ACTION**

**VERSUS**                                                **NO: 25-1895**

**SHELL ENERGY NORTH AMERICA**                           **SECTION: D (2)**

### <u>ORDER AND REASONS</u>

"Federal courts are courts of limited jurisdiction."[1] Before presiding over an action, a federal court must assure itself of its jurisdiction over the case, even on its own motion.[2] Here, Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §1331, which grants this Court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[3] Plaintiff cites 5 U.S.C. §5595 as the statute that is at issue in this case.

"Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes."[4] A federal court only has jurisdiction under 28 U.S.C. § 1331 if "a federal question appears on the face of the plaintiff's well-pleaded complaint."[5] The suit must "arise out of a controversy between the parties in regard

---

[1] *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

[2] *See id.*; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("…courts…have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). When determining whether a court has subject-matter jurisdiction over an action, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). A court "must accept all factual allegations in the plaintiff's complaint as true." *Id.*

[3] 28 U.S.C. §1331.

[4] *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807, 106 S. Ct. 3229, 3231, 92 L. Ed. 2d 650 (1986) (citing U.S. CONST. art. III, s. 2).

[5] *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

to the operation and effect of the Constitution or laws upon the facts involved."[6] Courts look to see if a "plaintiff's claim is determined by application of a federal law over which Congress has given the federal courts jurisdiction."[7] However, "courts do not dismiss claims for lack of jurisdiction merely because a plaintiff is unlikely to prevail on the merits"[8] and "if the plaintiff really makes a substantial claim under an act of Congress, there is jurisdiction whether the claim ultimately be held good or bad."[9]

Here, the statute cited and relied on by Plaintiff, 5 U.S.C. §5595, is inapplicable. Title 5 of the United States Code relates to the organization of the Government and its employees, not employees of a non-governmental business entity.[10] The specific statute cited by Plaintiff—5 U.S.C. § 5595—relates to severance pay to federal employees.[11] Plaintiff does not contend that he was a federal employee. Instead, Plaintiff asserts that "he was formerly employed by Defendant, Shell Energy North America"[12] and further that he is a "former Shell employee from Shell Convent Heavy Oil Unit."[13] Further, Plaintiff makes clear that his claim is that he was "laid

---

[6] *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 507, 20 S. Ct. 726, 726–27, 44 L. Ed. 864 (1900).

[7] *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).

[8] *D'Aquin v. Penske Truck Leasing Co., L.P.*, No. CV 18-3090, 2018 WL 6067551, at *2 (E.D. La. Nov. 20, 2018) (Vance, J.) (citing *Holloway*, 669 F.3d at 452).

[9] *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 412, 57 L. Ed. 716 (1913).

[10] 5 U.S.C.A. § Refs & Annos (West) ("That the laws relating to the organization of the Government of the United States and to its civilian officers and employees, generally, are revised, codified, and enacted as title 5 of the United States Code, entitled 'Government Organization and Employees'…").

[11] *Sylvia J. Eastman & Ann H. Meadows-Severance Pay-Temp. Agencies*, 65 Comp. Gen. 753, 753 (July 30, 1986) ("Severance pay statute, 5 U.S.C. § 5595, is intended to provide a cushion for federal employees who are unexpectedly terminated from their positions, but not for those employees who had an expectation of separation at the time of their appointments.").

[12] R. Doc. 6. The Court considers the Complaint as well as Plaintiff's attachments as they are part of the record and undisputed. A court "must accept all factual allegations in the plaintiff's complaint as true." *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

[13] R. Doc. 6-3.

off from Shell on 9-12-2023.  I was never given my pension."[14]  Plaintiff further provided email exchanges which purport to be from a Shell HR Operations employee which appears to acknowledge that Plaintiff was previously employed by Shell.[15] Thus, it is facially apparent from the Complaint that Plaintiff was employed by a non-governmental business entity, namely, Shell Energy North America.[16] Naming an inapplicable federal statute in a complaint does not subject-matter jurisdiction confer. Plaintiff's claim for severance pay is not a "substantial claim under an act of Congress."[17] Because federal statute invoked by Plaintiff in his Complaint is plainly irrelevant to the factual background giving rise to the present action, the Court finds that the present action does not "arise under" the laws of the United States and thus that it does not have subject-matter jurisdiction over the action.

The Court could still have jurisdiction under 28 U.S.C. §1332, which grants the Court jurisdiction over all civil suits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. Here, it is facially apparent from the face of the Complaint that the amount in controversy is less than $75,000.[18] Plaintiff straightforwardly claims to be due severance pay of

---

[14] R. Doc. 1.
[15] R. Doc. 6-2.
[16] R. Doc. 1.
[17] *See The Fair*, 228 U.S. at 25. The Court offers no prediction whether Plaintiff would be able to assert a claim under Louisiana law if the matter were filed in a Louisiana state court.
[18] R. Doc. 1 at p. 4 ("$70,000. I was never issued my severance pay. I contacted Shell via email with no response."). To the extent that Plaintiff's action is for breach of a conventional obligation owed to him by Defendant under Louisiana law, the Court notes that attorney's fees are not recoverable for breach of contract under La. Civ. C. art 1994. *Homestead Ins. Co. v. Guarantee Mut. Life Co.,* 459 F. App'x 398, 405 (5th Cir. 2012) ("Under Louisiana law, however, attorney's fees characterized as breach of contract damages are not compensable under Article 1994 and its corresponding statutes."). Thus, the amount in controversy in the present case is below the statutory threshold for this Court to have jurisdiction over the action under 28 U.S.C. § 1332.

$70,000.[19] For that reason, this Court does not have jurisdiction under 28 U.S.C. §1332.[20]

"When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."[21] Finding that this Court lacks subject-matter jurisdiction over the present action, the Court must dismiss Plaintiff's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Show Cause[22] is **DENIED as MOOT**.

New Orleans, Louisiana, April 30, 2026.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[19] R. Doc. 1.
[20] The Court need not address the citizenship requirement since the amount in controversy has not been met.
[21] *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021).
[22] R. Doc. 6.